UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERNON LEE HAVENS, II,

    Plaintiff,

    v.

CHIEF JUSTICE
MAUREEN O'CONNOR, *et al.*,

    Defendants.

Case No. 2:19-CV-481
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on the *Motions to Dismiss* (ECF Nos. 6, 10) filed separately

by Defendants Chief Justice Maureen O'Connor ("Chief Justice O'Connor") and Judge Steven

Beathard ("Judge Beathard") (collectively "Defendants"). Also before the Court are Plaintiff

Vernon Lee Havens, II's ("Havens") miscellaneous motions.[1]  For the reasons below, the Court

**GRANTS** Defendants' *Motions to Dismiss*. (ECF Nos. 6, 10). The Court **DISMISSES as MOOT**

Havens' motions (ECF Nos. 3, 7, 8, 14, 15, 16).

I.

On February 2, 2019, Havens initiated this lawsuit alleging Judge Beathard and Chief

Justice O'Connor violated his Fifth and Fourteenth Amendments rights by refusing to recuse from

state court proceedings to which Havens is a party. Havens also alleges Chief Justice O'Connor

violated his constitutional rights by improperly denying his Affidavit of Disqualification as to

Judge Beathard. Defendants individually moved this Court to dismiss Haven's claims.

---

[1] Havens has filed several motions ripe for review, including: *Motion for Declaration the Complaint was Timely Filed* (ECF No. 3), *Motion to Enforce Removal of Case #CA2108-10-020 to Federal Court on Ohio Twelth* (sic) *District Court of Appeals* (ECF No. 7), *Motion to Strike Defendant's Motion to Dismiss as Premature* (ECF No. 8), *Second Motion to Enforce Removal to Federal Court* (ECF No. 14), *Motion to Strike Defendant Fyffe's Answer* (ECF No. 15), and *Motion to Strike & Deny Defendant's Motion for Summary Judgement* (sic) (ECF No. 16)

## II.

To survive a Rule 12(b)(6) challenge, a complaint "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level' and 'state a claim for relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible where the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making this determination, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Brickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). A court need not accept as true any conclusory legal allegations that lack specific facts necessary to establish a claim. *Id.*

## III.

Judge Beathard and Chief Justice O'Connor argue that Havens' claims are barred by the *Rooker-Feldman* doctrine because the allegations directly attack the state-court's judgment to deny Havens' requests for disqualification. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (2005). The Court agrees. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

So then, "the pertinent inquiry ... is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Durham v. Haslam*, 528 Fed. Appx. 559, 563

2

(6th Cir. 2013) (quotations omitted). If the alleged injury's source is a state-court decision, then the *Rooker-Feldman* doctrine prevents the district court from asserting jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). But if there is some other source of injury, such as a third party's actions, then the plaintiff may assert an independent claim. *Id.* To determine the source of the alleged injury, the Court reviews Havens' allegations and requested relief. *Durham*, 528 Fed. Appx. at 563.

In his Complaint, Havens only alleged injuries are Defendants' state-court judgments, which denied Havens' requests to remove Judge Beathard from Havens' state-court proceedings. Moreover, Havens only requests relief that challenges and reverses those state-court judgments. Therefore, because Havens' claims merely attack state-court judgments, the *Rooker-Feldman* doctrine bars this Court from exercising subject-matter jurisdiction over Havens' claims. Accordingly, the Court **GRANTS** Defendants' *Motions to Dismiss*. (ECF No. 6, 10).

**IV.**

For the reasons above, the Court **GRANTS** Defendants' *Motions to Dismiss* (ECF Nos. 6, 10), thereby **DISMISSING with PREJUDICE** Havens' claims. The Court **DISMISSES as MOOT** Havens' motions. (ECF Nos. 3, 7, 8, 14, 15, 16).

**IT IS SO ORDERED.**

_____5-15-2019_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**